ALD-243                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-1083
_____

JOSEPH G. SARGENT,

Appellant

v.

UNITED STATES OF AMERICA
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 1-13-cv-04918)
District Judge:  Honorable Jerome B. Simandle
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
June 18, 2015
Before:  RENDELL, CHAGARES and SCIRICA, Circuit Judges

(Opinion filed: July 13, 2015)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Joseph Sargent appeals pro se from the dismissal of his Federal Torts Claims Act (FTCA) claim. For the following reasons, we will summarily affirm.

I.

Sargent brought this Federal Tort Claims Act (FTCA) action in August 2013 as a result of two incidents where he claims to have been assaulted by fellow inmates at Fort Dix Federal Correctional Institution (FCI-Fort Dix). He claimed that prison officials acted negligently when they failed to place him in protective custody after he reported an extortion attempt by another inmate, who physically assaulted Sargent a few hours later. He also alleged that he was "negligently transferred" to another housing unit in the same prison, where he was known among the inmates as a "snitch," but he did not allege a specific harm resulting from this transfer. Sargent further alleged that prison officials were aware that he had been threatened by a gang on a different occasion but again failed to place him in protective custody. He alleged that this failure led to his assault by "five masked men" during a power outage in the prison caused by Hurricane Sandy.

Sargent filed an administrative claim in December 2012, which the Bureau of Prisons (BOP) denied on May 31, 2013. Sargent timely filed this action with the District Court, naming as defendants the United States of America, the warden of FCI-Fort Dix, and a unit manager within the prison. The defendants moved to dismiss, and Sargent responded with a letter requesting that the individual defendants be dismissed and that the case proceed against the United States alone. On December 15, 2014, the District Court granted Sargent's request, and, in the same opinion, granted the defendants' motion to

2

dismiss. The District Court held that the United States was immune from liability in this case because the conduct that Sargent complained of was protected by the FTCA's "discretionary function" exception. Sargent appealed.

## II.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review over the District Court's order dismissing Sargent's complaint, see Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000), and over the applicability of the discretionary function exception to the waiver of sovereign immunity, see Mitchell v. United States, 225 F.3d 361, 362 (3d Cir. 2000).

## III.

The United States has sovereign immunity from civil liability, except in cases where it consents to be sued. See United States v. Bormes, 133 S. Ct. 12, 16 (2012). The FTCA offers a limited waiver of the federal government's sovereign immunity as to the negligent acts of government employees acting within the scope of their employment.[1] 28 U.S.C. §§ 2671-80. Thus, in certain circumstances, prisoners may invoke the FTCA to seek damages for injuries received while in confinement. United States v. Muniz, 374 U.S. 150, 153 (1963). However, the FTCA is subject to exceptions, such as the

---

[1] FTCA claims are governed by the substantive tort law of the state where the acts or omissions occurred, in this case, New Jersey. See Ciccarone v. United States, 486 F.2d 253, 257 (3d Cir. 1973). We note at the outset that although Sargent asserted that prison officials acted negligently, he did not make any attempt to address the elements of negligence, nor did he point to any specific statutes, regulations, or prison policies that might bear upon his claim.

discretionary function exception, which provides that no liability shall lie for claims "based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty . . . whether or not the discretion involved be abused." See 28 U.S.C. § 2680(a).

To determine whether the discretionary function exception to the waiver of immunity applies, a court must determine (1) whether the act involves an element of judgment or choice, rather than a course of action prescribed by a federal statute, regulation, or policy; and (2) even if the challenged conduct involves an element of judgment, whether that judgment is of the kind that the discretionary function exception was designed to shield. Mitchell, 225 F.3d at 363.

The BOP conduct at issue in this case – the alleged failure to protect Sargent from his assailants – is governed by a federal statute which requires the BOP to provide for the "protection" and "safekeeping" of inmates in its care. See 18 U.S.C. § 4042(a)(2), (3). As the District Court explained, however, this statute leaves the implementation of these duties to the discretion of BOP officials. Moreover, there is no federal statute, regulation, or policy that requires the BOP to take a particular course of action to ensure an inmate's safety from attacks by other inmates. We note, too, that federal law does not specifically address the protection and safekeeping of prisoners during a natural disaster such as a hurricane. See, e.g., Freeman v. United States, 556 F.3d 326, 337-38 (5th Cir. 2009).

Accordingly, we agree with the District Court that the acts of the BOP officials in this case clearly involved an element of judgment or choice, thereby satisfying the first

4

prong of the <u>Mitchell</u> analysis. <u>See</u> <u>Cohen v. United States</u>, 151 F.3d 1338, 1342 (11th Cir. 1998) (explaining that "even if § 4042 imposes on the BOP a general duty of care to safeguard prisoners, the BOP retains sufficient discretion in the means it may use to fulfill that duty to trigger the discretionary function exception.").

As to the second prong of the <u>Mitchell</u> test, a judgment as to how best to protect one prisoner from attack by another "is of the kind that the discretionary function exception was designed to shield." 225 F.3d at 363 (quotation omitted); <u>see, e.g.</u>, <u>Bell v. Wolfish</u>, 441 U.S. 520, 547–48 (1979) (holding that prison administrators should be afforded wide-ranging deference in implementing and executing policies because discretion is needed to preserve internal discipline and maintain institutional security); <u>Whitley v. Albers</u>, 475 U.S. 312, 321–22 (1986) (prison officials have discretionary power over the safety of the institutions they operate). Indeed, courts have routinely held that federal prisoners' FTCA claims for injuries by fellow inmates are barred by the discretionary function exception. <u>Calderon v. United States</u>, 123 F.3d 947, 950–51 (7th Cir. 1997) (discretionary function exception applied to FTCA claim for government's failure to protect plaintiff from attack by cellmate); <u>Cohen</u>, 151 F.3d at 1340–45 (reversing judgment in favor of prisoner who brought an FTCA action for injuries sustained as the result of an attack by another inmate). In sum, because both prongs of the Mitchell test are satisfied here, we conclude that the District Court correctly determined that Sargent's claim was barred by the discretionary function exception to the FTCA.

5

## IV.

For the foregoing reasons, we will summarily affirm the judgment of the District Court.